## Stein v. Arjay Machine Co., Inc.

*Lenard L. Wolffe* and *Abraham J. Levinson*, for plaintiff.

*Samuel R. Wurtman* and *Robert J. Bond, Jr.*, for defendant.

REIMEL, J., April 2, 1956.—This matter comes before the court on exceptions filed by defendant to the adjudication of Judge Weinrott.

The evidence establishes that the parties entered into a written contract on August 1, 1952, wherein plaintiff agreed to render engineering supervisory services for defendant corporation for which the latter agreed to pay plaintiff commissions of seven and one-half percent of the gross dollar billings to customers on production orders secured through his efforts. The contract further provided that it shall run for a period of one year from the date thereof, subject to renewal from year to year. Thereafter, pursuant to the terms of the contract, plaintiff procured orders for defendant, furnished services in connection with the work obtained and in resolving problems of machining and engineering for which defendant made payments on account from December 15, 1952, to January 8, 1954, in the sum of $7,898.

Under date of August 6, 1953, defendant sent a letter to plaintiff stating that the contract terminated on August 1, 1953. Thereafter defendant continued to use plaintiff's services until January 18, 1954, when plaintiff was ordered out of defendant's place of busi-

ness, and continued to make payments on account to plaintiff until January 8, 1954.

The testimony discloses that commissions due plaintiff totaled $21,183.77 of which defendant had paid $7,898 leaving a balance of $13,285.77 unpaid.

The testimony discloses that plaintiff was hired by defendants under a written agreement to perform services on its behalf for a period of one year. The agreement further provided that it was subject to renewal from year to year. Plaintiff did render services in accordance with the terms of the contract, and as no new contract was drawn and plaintiff continued to render his services, the contract was renewed on August 1, 1953, for another year. As defendant ordered plaintiff out of his place of business on January 18, 1954, and made no further payments on account to plaintiff after January 8, 1954, the contract terminated on July 31, 1954. The evidence, therefore, does not substantiate the further renewal of the contract for one year from August 1, 1954, and defendant's exceptions to the chancellor's findings of fact nos. 8 and 10 and conclusions of law no. 2 as well as the exceptions to the chancellor's affirmation of plaintiff's requests for findings of fact nos. 7, 11 and 12, and conclusions of law nos. 4, 5, 9(b) and 9 (d) must be sustained and the decree of this court wil be modified accordingly.

We are of the opinion, however, that the contract was renewed for one year from August 1, 1953. Although it appears that defendant wanted to reduce the amount of commission to be paid to plaintiff and there were minor disputes between the parties, defendant took no affirmative step to terminate the contract before the end of the first year and thus, by reason of the continued relationship of the parties, the contract was renewed for an additional year. The letter written by defendant to plaintiff under date of August 6, 1953, not only comes too late to serve as notice of termination

but in the light of the testimony which discloses that the relationship of agent and principal continued uninterrupted, it could in no wise be held to be effective in bringing to an end the contract between the parties. This is particularly so in view of plaintiff's testimony that following the receipt of the letter, there were discussions between the parties which resulted in a continuation of the contract under the same terms.

Defendant has not only failed to meet the burden of proof in his endeavor to establish a modification of the original contract or the substitution of a new one by parol evidence, but it has continued to accept the benefits of plaintiff's work and to compensate him therefor.

Defendant's contention that no positive action was necessary to terminate the contract is without merit and his exceptions thereto are dismissed.

The argument advanced by defendant that plaintiff did not render services required of him under the contract is without merit for the evidence discloses that defendant accepted and processed orders obtained by plaintiff and continued to compensate him for them. The acts and conduct of the parties speak forcibly of their mutual assent. Moreover, there is no variance between allegata and probata.

The evidence is sufficient to warrant the chancellor's findings that the contract was renewed for a period of one year from August 1, 1953. The numerous exceptions filed by defendant are dismissed except those exceptions, nos. 3 and 5, taken to the findings of fact of the chancellor, nos. 8 and 10, and exception no. 8 taken to the chancellor's conclusion of law no. 2 which are affirmed. These deal with the renewal of the contract for a further period of one year from August 1, 1954. As to these the evidence is insufficient to warrant the chancellor's findings. The court, therefore, enters the following

*Final Decree*

And now, to wit, this April 2, 1956, it is ordered, adjudged and decreed that:

1. Judgment is entered in favor of plaintiff and against defendant in the sum of $13,285.77.

2. Costs shall be paid by defendant.